IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

ROBERT SINGHA and §
AMARJIT SINGHA, §
　　　　　　　　　　　　　　　　§
　　　　*Plaintiffs,*　　　　　　　§
　　　　　　　　　　　　　　　　§
V.　　　　　　　　　　　　　　　§　　CASE NO. 4:10cv692
　　　　　　　　　　　　　　　　§　　Judge Clark/Judge Mazzant
BAC HOME LOANS SERVICING,　§
LP, and FEDERAL NATIONAL　　§
MORTGAGE ASSOCIATION,　　　§
　　　　　　　　　　　　　　　　§
　　　　*Defendants.*　　　　　　　§

**ORDER ADOPTING REPORT AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On August 7, 2012, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that defendants' Motion for Summary Judgment [Doc. #54] be granted. On August 21, 2012, plaintiffs filed objections [Doc. #73]. Defendants also filed an objection [Doc. #74]. On September 4, 2012, defendants filed a response to plaintiffs' objections [Doc. #75] . On September 4, 2012, plaintiffs filed a response to defendants' objections [Doc. #76].

Plaintiffs object to the United States Magistrate Judge's report and recommendations pertaining to the anticipatory breach of contract, defendants' waiver of the right to foreclose, suit to quiet title and trespass to try title, and declaratory relief and other equitable relief. Although plaintiffs filed objections, plaintiffs failed to assert how the Magistrate Judge erred, other than merely repeating the same arguments presented in their briefing and disagreeing with the Magistrate

1

Judge's recommendations. Plaintiffs first object that the Magistrate Judge found that defendants had no obligation to modify plaintiffs' loan and there was no contract to modify the loan. Plaintiffs argue that plaintiffs were able to pay the alleged arrearage, but they chose not to because they were told that they were approved for a loan modification and because they still needed their monthly payment reduced, since it had almost doubled in 2009 due to taxes. The court finds no error. Defendants were under no obligation to modify plaintiffs' loan after their default. The Magistrate Judge also correctly pointed out that plaintiffs violated the statute of frauds. The Magistrate Judge also correctly found that plaintiffs' argument that the partial performance and promissory estoppel exceptions do not allow plaintiffs to avoid the statute of frauds.

Plaintiffs also object that defendants' actions and statements were inconsistent with their default powers, establishing waiver by defendants. The Magistrate Judge correctly found that defendants did not waive their foreclosure rights, because they never agreed to permanently modify plaintiffs' loan. Plaintiffs failed to offer sufficient summary judgment evidence that defendants waived their right to foreclose.

Plaintiffs next object to the report as it relates to plaintiffs' claim for suit to quiet title and trespass to try title. This objection is only based upon the argument that defendants' waived the right to foreclose. Since the court has rejected plaintiffs' waiver argument, the court likewise rejects this objection.

Plaintiffs' final objection is to the Magistrate Judge's finding that no actual controversy exists between the parties to allow for declaratory or other equitable relief. Since the court has rejected plaintiffs' other objections, the court agrees that there is no controversy remaining between the parties.

Defendants filed one objection asserting that the Magistrate Judge erred in not awarding attorney's fees. The Magistrate Judge found that "[d]efendants are correct that the Court could award attorney's fees. However, the Court declines the request for an award of attorney's fees, in the exercise of the Court's discretion, because the Court finds that such an award would be inequitable and unreasonable." citing to *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1211, *modified on reh'g on other grounds*, 761 F.2d 237 (5th Cir. 1985)). Defendants object, arguing that the denial of fees is inequitable to them. The court disagrees. The court has a large number of mortgage cases on its docket, and the courts sees a lot of similar patterns in these cases. Although the court finds no remedy for plaintiffs in this case, the court does not agree that defendants were completely innocent in the events that occurred in this case. In fact, the court finds it offensive that defendants are seeking attorney's fees from plaintiffs, and would make defendants go to trial if there were a legal basis for trial.

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by plaintiffs [Doc. #73], as well as defendants' response [Doc. #75] and after considering the objections filed by defendants [Doc. #74], as well as plaintiffs' response [Doc. #76], this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

It is, therefore, **ORDERED** that defendants' Motion for Summary Judgment [Doc. #54] is **GRANTED,** and plaintiffs' case is **DISMISSED** with prejudice.

So **ORDERED** and **SIGNED** this **7** day of **September, 2012.**

_____
Ron Clark, United States District Judge